UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

VS.                                        CASE NO: 6:13-cr-264-Orl-28GJK

BRIAN K. HATTEN

_____

ORDER

Defendant's "Emergency Motion for Compassionate Release Due to The Covid-19 Pandemic Crisis Under 18 U.S.C. § 3582(c)(1)(A)(i)" (Doc. 96) is before the Court for consideration. The Government filed a response opposing the requested relief. (Doc. 99). Because Defendant failed to exhaust his administrative remedies, his motion is due to be denied.

On January 7, 2014, a jury returned a verdict finding Defendant guilty of the offense of possession of a firearm or ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1), and that Defendant possessed a Taurus Model PT 140 Millenium Pro .40 caliber pistol, Federal ,40 caliber ammunition, Remington .40 caliber ammunition, and CBC .40 caliber ammunition. (Doc. 51). On March 28, 2014, the Court sentenced Defendant  to 196 months imprisonment to be followed by 2 years of supervised release. (Docs. 60, 61). At the time of sentencing, Defendant qualified as an armed career criminal. (Doc. 57). Defendant has a lengthy criminal history beginning at the age of 12. (Id.). From ages 12 through 17, Defendant was convicted of trespass, theft (4), burglary of a dwelling, possession of a firearm by a convicted delinquent, aggravated assault with a firearm, possession of a firearm by a minor (2), improper exhibition of weapon or firearm, resisting an officer without violence (2), robbery, possession of controlled substance (2), possession

of cocaine (2), possession of cannabis, and delivery of cocaine. (*Id.*).  Beginning at age 19 until the age of 33, Defendant incurred the following convictions: battery on a law enforcement officer (2),  resisting an officer with violence (2), resisting an officer without violence (5), aggravated assault with a firearm, driving with suspended license (2), providing false ID to a law enforcement officer (3), operating a motor vehicle without a license (3), possession of drug paraphernalia, possession of cannabis, fleeing or attempting to elude, and burglary to an unoccupied structure. (*Id.*).  On October 7, 2013, at the age of 33, Defendant was arrested and detained in this case.  Defendant is now 40 years old with a projected release date of October 27, 2027.

The authority of a district court to modify a sentence is narrowly limited by 18 U.S.C. § 3582(c).  *United States v. Phillips,* 597 F.3d 1190, 1194-95 (11th Cir. 2010).  Under 18 U.S.C. § 3582(c)(1)(A), as amended by Section 603(b) of the First Step Act, the Court may act "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."

Defendant submitted a request for compassionate release to the warden on June 30, 2020. (Doc. 96).  Defendant asserts "[t]hirty days have elapsed since Mr. Hatten made such request to the warden . . .Therefore, this court can entertain Mr. Hatten's 'extraordinary and compelling reasons', and grant him immediate release from confinement." (*Id.*).  Defendant does not mention receiving a response from the warden.[1]

---

[1] The form Defendant submits evidencing his request, however, does indicate the warden denied the request on July 22, 2020.  (Doc. 96-1 at 2).

2

The Government provides a copy of the warden's July 22, 20202 response. (Doc. 99-1). The response came in less than thirty days. The warden's response states, *inter alia*:

> If you are not satisfied with this response to your request, you may commence an appeal of this decision via the administrative remedy process by submitting your concerns on the appropriate form (BP-9) within 20 days of the receipt of this response.

(*Id.*). Twenty days expired on August 11, 2020. That day has come and gone and there is no indication Defendant commenced an appeal. The instant motion was filed on September 8, 2020. Neither the Government nor Defendant has supplied evidence of an appeal; rather, both rely on the expiration of 30 days from the submission of Defendant's request to argue the Court may now consider Defendant's motion. (Docs. 96 at 2, 99 at 11). But 18 U.S.C. § 3582(c)(1)(A) is clear: this Court can only act on a motion from Defendant when his request to the warden has **lapsed** after 30 days *or* Defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on his behalf. Here, Defendant's request did not lapse as the warden responded in a timely manner and Defendant did not appeal the warden's decision. *See United States v. Wojt,* No. 8:18-cr-00417-T-02AEP, 2020 WL 3128867, at *1 (M.D. Fla. June 12, 2020)("A warden's denial does not constitute a final administrative decision and as Defendant provides no evidence of an appeal, Defendant has not exhausted his administrative remedies.").

Given that the Government has agreed Defendant has exhausted his administrative remedies, the Court must consider whether the issue is waived. The Eleventh Circuit has not yet considered whether the exhaustion of administrative remedies as set forth in 18 U.S.C. § 3582(c)(1)(A) may be waived. The district courts are split on the issue. Many have concluded it cannot be waived (*United States v. Smith,* No. 8 :17-cr-412-T-36AAS,

2020 WL 2512883, at *4 (M.D. Fla. May 15, 2020)(collecting cases)), while others have concluded it can be waived (*United States v. Smith,* No. 12 Cr. 133 (JFK), 2020 WL 1849748, at *2 (S.D.N.Y. April 13, 2020)(collecting cases)). This Court agrees that exceptions cannot be read into statutory exhaustion requirements where Congress has provided otherwise such as set forth in 18 U.S.C. § 3582(c). *See e.g., Ross v. Blake,* 136 S. Ct. 1850 (2016). Thus, the Court concludes the exhaustion of administrative remedies in 18 U.S.C. § 3582(c) cannot be waived.

The failure to exhaust administrative remedies within the BOP is fatal to a defendant's motion for compassionate release. *United States v. Raia*, 954 F. 3d 594, 597 (3d Cir. 2020). ("Given BOP's shared desire for a safe and healthy prison environment, we conclude that strict compliance with § 3582(c)(1)(A)'s exhaustion requirement takes on added—and critical—importance."); *see also United States v. Estrada Elias*, No. 6: 06-096-DCR, 2019 WL 2193856, at *2 (E.D. Ky. May 21, 2019); *accord United States v. Elgin*, Case No. 2:14-cr-129- JVB-JEM, 2019 U.S. Dist. LEXIS 86571, *2–3 (N.D. Ind. May 23, 2019); *cf. United States v. Leverette*, 721 F. App'x 916, 917 (11th Cir. 2018) (exhaustion of BOP remedies is requisite for judicial review under 28 U.S.C. § 2241).

Defendant having failed to exhaust his administrative remedies, his Emergency Motion for Compassionate Release (Doc. 96) is **DENIED.**

**DONE** and **ORDERED** in Orlando, Florida on September 2 8 2020.

JOHN ANTOON II
United States District Judge

Copies furnished to:
United States Attorney

United States Probation Office
Brian K. Hatten